NOT DESIGNATED FOR PUBLICATION


STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1274


LESLIE ANN SCHULLER

VERSUS

ROBERT WILLIAM SCHULLER


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-4215
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and Phyllis M. Keaty, Judges.


AFFIRMED.

**Robert Michael McHale  Jr.**
**McHale Law Firm**
**631 Kirby Street**
**Lake Charles, LA 70601**
**(337) 990-0093**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Leslie Ann Schuller**

**Robert William Schuller**
**In Proper Person**
**7004 Tom Hebert Road**
**Lake Charles, LA 70607**
**DEFENDANT/APPELLEE:**

**SAUNDERS, Judge.**

This is an appeal arising from a domiciliary parent's proposition to relocate his two minor children over the objections of the children's mother. The trial court found that the father could relocate his two minor children, but would have to pay for travel expenses for the two minor children when the mother exercised her visitation rights.

The mother appeals. We find no error by the trial court and affirm.

**FACTS AND PROCEDURAL HISTORY:**

Robert Schuller and Leslie Ann McWard Schuller were married on April 3, 1993. Three children were born of the marriage: A. S., K. S., and X. S.[1] The family made their home in Lake Charles.

On July 25, 2007, Leslie filed a petition for divorce and determination of incidental matters seeking a divorce. On March 6, 2008, Robert and Leslie entered into a stipulated judgment, which was filed on August 29, 2008. Joint custody was agreed upon with Robert being designated as the domiciliary parent and Leslie having reasonable visitation as per their joint custody plan. The divorce was finalized on July 17, 2009.

Robert sent Leslie a notice of proposed relocation of minor children on May 31, 2013. Robert and the children desired to relocate from Lake Charles to Pennsylvania. On June 28, 2013, Leslie filed an objection to proposed relocation of minor children. Trial was held on all pending issues on March 26, 2014. At the conclusion of the trial, the court issued an order for mental health assistance appointment of a counselor to meet with the children and parents regarding the proposed relocation.

---

[1] The initials of the children and their parents are used to protect the identity of the minor children. Uniform Rules—Courts of Appeal, Rules 5-1, 5-2.

At the time of the trial, and court- ordered counseling, A. S. was a major and enrolled at McNeese State University. K. S. was in high school and X. S. was in junior high school. All parties complied with the trial court's order, and they were given the opportunity to notify the trial court if they wanted the counselor to testify in court. Through counsel, Leslie requested that the counselor testify in court, and a hearing was set for July 31, 2014. After hearing the evidence presented, the trial court took the matter under advisement. On August 8, 2014, the trial court issued a judgment and written reasons that allowed Robert to relocate his minor children to Pennsylvania. Leslie has appealed this judgment.

**ASSIGNMENTS OF ERROR:**

1.    The trial court committed manifest error in finding that Robert met his burden of proof to show that his proposed relocation was made in good faith and, more specifically, that it is in the best interest of the children.

2.    The trial court committed manifest error in failing to require Robert to provide reasonable security guaranteeing that the court ordered visitation with the children would not be interrupted or inferred by Robert, the relocating party.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Leslie asserts in her first assignment of error that the trial court committed manifest error in finding that Robert met his burden of proof to show that his proposed relocation was made in good faith and, more specifically, that it is in the best interest of the children. We disagree.

> A trial court's determination in a relocation dispute is entitled to great weight and will not be overturned absent a clear showing of abuse of discretion. [*Curole v. Curole*, 02–1891 (La.10/15/02), 828 So.2d 1094]. Further, a reviewing court may not set aside a trial court's factual findings in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A two-tiered test must be applied in order to reverse the trial court's findings: (1) the appellate court must find from the record that a reasonable factual basis does

not exist for the trial court's findings, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). *Richardson v. Richardson*, 09-609 (La.App. 3 Cir. 11/18/09), 25 So.3d 203, *citing Mart v. Hill*, 505 So.2d 1120 (La.1987). On review, if the trial court's findings are reasonable based upon the entire record, the reviewing court may not reverse even if it is convinced that had it been sitting as the trier of fact it would have weighed the evidence differently. *Id.*

*Cass v. Cass*, 10-327, p. 4 (La.App. 3 Cir. 11/17/10), 52 So.3d 215, 219, *writ denied*, 11-178 (La. 2/25/11), 58 So.3d 460.

Louisiana Revised Statutes 9:355.14 states:

A. In reaching its decision regarding a proposed relocation, the court shall consider all relevant factors in determining whether relocation is in the best interest of the child, including the following:

(1)     The nature, quality, extent of involvement, and duration of the relationship of the child with the person proposing relocation and with the non-relocating person, siblings, and other significant persons in the child's life.

(2)     The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development.

(3)     The feasibility of preserving a good relationship between the non-relocating person and the child through suitable physical custody or visitation arrangements, considering the logistics and financial circumstances of the parties.

(4)     The child's views about the proposed relocation, taking into consideration the age and maturity of the child.

(5)     Whether there is an established pattern of conduct by either the person seeking or the person opposing the relocation, either to promote or thwart the relationship of the child and the other party.

(6)     How the relocation of the child will affect the general quality of life for the child, including but not limited to financial or emotional benefit and educational opportunity.

(7)     The reasons of each person for seeking or opposing the relocation.

(8) The current employment and economic circumstances of each person and how the proposed relocation may affect the circumstances of the child.

(9) The extent to which the objecting person has fulfilled his financial obligations to the person seeking relocation, including child support, spousal support, and community property, and alimentary obligations.

(10) The feasibility of a relocation by the objecting person.

(11) Any history of substance abuse, harassment, or violence by either the person seeking or the person opposing relocation, including a consideration of the severity of the conduct and the failure or success of any attempts at rehabilitation.

(12) Any other factors affecting the best interest of the child.

B. The court may not consider whether the person seeking relocation of the child may relocate without the child if relocation is denied or whether the person opposing relocation may also relocate if relocation is allowed.

"The person proposing relocation has the burden of proof that the proposed relocation is made in good faith and is in the best interest of the child." La.R.S. 9:355.10.

Leslie's first argument is that the trial court was manifestly erroneous in finding Robert's desire to relocate was in good faith and that relocation was in the best interest of the children. Therefore, it is incumbent upon Leslie to show that the trial court abused its discretion or was manifestly erroneous in a finding of fact. We find that Leslie has failed to make any such showing.

The record has a plethora of evidence that supports a finding that Robert's desire to relocate was in good faith. Robert testified to research regarding education, cost of living, and economic opportunity being far greater for his children were they to relocate. Contrarily, Leslie offered no evidence that Robert's desire to relocate is in bad faith, nor do we find any in the record. Further, in the case before us, the trial court appointed a counselor, Sara McDonald, to interview

4

Leslie, Robert, and the two minor children. Ms. McDonald had individual sessions with Robert and Leslie and then jointly with K. S. and X. S. Thereafter, she met individually with K. S. and X. S. as well as joint sessions with Leslie and the two children and Robert and the two children. Ms. McDonald opined that Robert never tried to interfere with the relationship between Leslie and their children stating, "I didn't get the impression at all that Mr. Schuller would do anything to kind of prohibit [the children] from having a relationship with their mother at all. . . ." Ms. McDonald also stated that the children had a greater connection to their father, and both desired to relocate to Pennsylvania on their own accord, free from influence.

Additionally, Robert testified that he actually encouraged their children to have a relationship with their mother. Despite Leslie's contention that Robert interferes with her relationship with her children, the evidence suggests that her children, especially, K. S., chose to ignore phone calls or texts from her. Further, the trial court found no evidence that Robert encouraged the children to not communicate with Leslie, and we agree.

Accordingly, given the above, we find no merit to Leslie's argument regarding Robert's desire to relocate being in bad faith. Likewise, we find no merit to Leslie's assertion that the trial court was manifestly erroneous in finding that relocation was in the best interest of the children.

The trial court wrote extensive reasons and appropriately addressed each factor in La.R.S. 9:355.14. Leslie, instead of pointing to a lack of evidence supporting the trial court's findings under any of those factors, simply makes arguments that would necessitate this court to reweigh the evidence in order for her to prevail. This is not how the standard of review is conducted. Further, any factors with which the trial court had concern regarding relocation were adequately addressed by it, and its reasons were supported by evidence in the record that can

reasonably be construed to weigh in favor of relocation. As such, we find that Leslie's assignment of error number one is without merit.

**ASSIGNMENT OF ERROR NUMBER TWO**:

In her final assignment of error, Leslie contends that the trial court committed manifest error in failing to require Robert to provide reasonable security guaranteeing that the court-ordered visitation with the children would not be interrupted or inferred by Robert, the relocating party. We find no merit to this assignment of error.

Louisiana Revised Statutes 9:355.18 (emphasis added) states, "If relocation of a child is permitted, the court *may* require the person relocating the child to provide reasonable security guaranteeing that the court-ordered physical custody or visitation with the child will not be interrupted or interfered with by the relocating party." The legislature's choice to use the word "may" versus "shall" indicates the discretionary nature of choosing whether to require a relocating parent to provide security. Thus, the applicable standard of review is whether the trial court abused the discretion provided.

Here, there has been no indication that Robert has ever attempted to prevent their children from seeing their mother. While there is testimony that Robert has only been to Pennsylvania twice in the time that he has had children, twenty-one or more years, and that a failure to do so was based on economics, Robert has testified that he will do everything possible to make sure the children see their mother, and he fully believes that his family's relocation to Pennsylvania will partially defray the children's travel costs to see their mother. Accordingly, we find no abuse of the discretion afforded the trial court in declining to require Robert to provide security guaranteeing that Leslie's court-ordered visitation with the children would be exercised.

**DISPOSITION:**

Leslie Ann McWard Schuller raises two assignments of error. We find no merit to either and affirm the trial court's judgment. Costs of these proceedings are assessed to Leslie Ann McWard Schuller.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.